Sumanbhai N. PATEL; Niramalaben S. Patel; Rakesh S. Patel, Plaintiffs—Appellants,

v.

CITY OF ANAHEIM, a Municipal Corporation; Anaheim Police Department, Defendants—Appellees.

No. 02–56318.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 17, 2003.

Frank A. Weiser, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

Moses W. Johnson, IV, Esq., Jack L. White, Esq., Anaheim, CA, Defendants–Appellees.

Moses W. Johnson, IV, Esq., Jack L. White, Esq., Anaheim, CA, for Defendants–Appellees.

Before: RYMER and TALLMAN,

Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

The Patels appeal the district court's decision that the City of Anaheim's denial of two applications for conditional use permits ("CUPs") to operate a motel did not violate federal or state law. We affirm.

### I

The Patels first appeal the district court's summary judgment that their Fifth Amendment takings claim was not ripe for adjudication. We review both summary judgment and ripeness decisions de novo. *See Kern v. U.S. Bureau of Land Mgmt.*, 284 F.3d 1062, 1069–70 (9th Cir.2002).

Generally, *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), requires plaintiffs to seek compensation through state procedures before bringing federal takings claims. *See id.* at 194–95. However, plaintiffs need not avail themselves of state procedures if they either (1) show that a regulation, on its face, does not substantially advance legitimate state interests, *see Hotel & Motel Assoc. of Oakland v. City of Oakland*, 344 F.3d 959, 965–66 (9th Cir.2003); or (2) show that a regulation effects a taking for a private rather than a public use, *see Armendariz v. Penman*, 75 F.3d 1311, 1321 n. 5 (9th Cir.1996).

■ Summary judgment on the Patels' takings claim was appropriate because the record clearly reveals that the City's challenged decision was necessary to promote the public welfare and to control public nuisance. *See Hotel & Motel Assoc.*, 344 F.3d at 966–69. The Patels' argument that *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999), requires that their takings claim be decided by a jury is not compelling. *See Buckles v. King County*, 191 F.3d 1127, 1140–41 (9th Cir.1999); *accord Hotel & Motel Assoc.*, 344 F.3d at 966–67.

### II

The Patels next appeal the district court's summary judgment for the City on their claim that the denial of their second CUP application violated the Fourteenth Amendment.

In order to establish a procedural due process violation, a plaintiff must identify a property interest protected by the Constitution. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A constitutionally protected property interest arises where there is a reasonable expectation of entitlement deriving from "existing rules or understandings that stem from an independent source" such as state or municipal law. *Id.*

■ First, because the Patels did not have a permit to operate a motel when their second CUP application was denied, they were not deprived of their claimed right to pursue their occupation. Second, the Patels were not deprived of their right to fair administrative procedures, as the City provided them with written notice of both hearings concerning their second CUP application and their counsel presented arguments at each hearing. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

## III

We have considered the Patels' state law writ of mandate and inverse condemnation claims and find them without merit.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.